UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

GABRIEL A.H.L..,

                                                                                              Civil No. 26-860 (JRT/EMB)

                                Petitioner,

v.

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

TODD M. LYONS, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*;

MIGUEL VERGARA, *Director, San Antonio Field Office, Immigration and Customs Enforcement*; and

CHARLOTTE COLLINS, *Warden, T. Don Hutto Detention Center*,

                                Respondents.

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

John R. Brunning, **HENNEPIN COUNTY ADULT REPRESENTATION SERVICES**, 525 Portland Avenue South, Suite 900, Minneapolis, MN 55415, for Petitioner.

Ana H. Voss, David R. Hackworthy, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner is a Venezuelan citizen. (Verified Pet. Writ Habeas Corpus ("Pet.") ¶ 33, Jan. 30, 2026, Docket No. 1.) Petitioner alleges that he was arrested in Minnesota by U.S. Immigration and Customs Enforcement (ICE) agents on January 14, 2026, and is being unlawfully detained. (*Id.* ¶¶ 1, 68–75.) Respondents have filed an answer, arguing that the Court lacks jurisdiction to hear the petition, and that Petitioner's detention is lawful. Because the Court possesses jurisdiction, and because Respondents are unlawfully detaining Petitioner, the Court will grant the petition and order Petitioner's immediate return to Minnesota and release.

## BACKGROUND

Petitioner entered the United States without inspection in 2023 and lives in Minneapolis, MN. (Pet. ¶ 33.) Petitioner was apprehended by immigration officers and placed in removal proceedings on June 25, 2023. (*Id*. ¶ 41.) He was granted Temporary Protected Status (TPS), and his removal proceedings were closed on August 9, 2024. (*Id.* ¶ 42.) Like all Venezuelans, Petitioner's TPS status was terminated in February 2025 (*id.* ¶ 43)—however, his status is "in limbo," because a case adjudicating the lawfulness of the termination of TPS for Venezuelan citizens is currently proceeding in federal court. *See Nat'l TPS Alliance v. Noem*, – F.4th –, 2026 WL 226573 (9th Cir. Jan. 28, 2026); (Pet. ¶ 44.).

On January 14, 2026, an ICE officer shot a man in the leg at a duplex in Minneapolis. (Pet. ¶¶ 1, 58.) In the aftermath of the shooting, ICE agents "entered [Petitioner's] apartment and arrested him." (*Id.* ¶¶ 5, 65.)[1] Petitioner "was initially sent" to a detention facility in El Paso, Texas, before "[h]e was then moved to a facility in San Antonio, Texas, before being transferred to the T. Don Hutto Detention Cetner in Taylor, Texas, where he is currently detained." (*Id.* ¶ 68.) Petitioner states in his petition that "[i]t is currently unknown whether ICE intends to keep him at Hutto or move him to a different facility in Texas or to a different state." (*Id.* ¶ 69.) Petitioner alleges his continued detention is unlawful. (*Id.* at 33.)

## DISCUSSION

Respondents first seek a transfer of venue, relying on the fact that Petitioner did not file his habeas petition in this District while he was physically detained here. In a typical case involving a habeas petition brought under 28 U.S.C. § 2241(a), a petitioner who "seeks to challenge his present physical custody within the United States . . . should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

---

[1] Senior Special Agent Nicolai Lyfoung of the Minnesota Bureau of Criminal Apprehension has submitted a Declaration stating that Petitioner is a "key eyewitness[]" to the BCA's investigation of the ICE-involved shooting. (Decl. of Nicolai Lyfoung, Jan. 30, 2026, Ex. A, Docket No. 1-1.)

But as this Court has noted in other cases, exceptions exist to the default district-of-confinement rule. *See id.* at 435; *see also Xia v. King*, No. 24-2000, 2025 WL 240792, at *2 (D. Minn. Jan. 17, 2025) (recognizing the existence of certain exceptions). For example, the Supreme Court has recognized that when "a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply" the typical rules for determining the proper forum for a habeas petition. *Padilla*, 542 U.S. at 450 n.18. Other classes of cases in which the baseline rules may not control are those in which "the Government was not forthcoming with respect to . . . the place of detention," "if the Government did inform the lawyer where a prisoner was being taken but kept moving him," or "if there is an indication that the Government's purpose in removing a prisoner were to make it difficult for his lawyer to know where the habeas petition should be filed." *Id.* at 454 (Kennedy, J., concurring).

"Government-controlled transfers," like the one in this case—often "executed within hours of detention and before communication with counsel is possible"—have been a defining characteristic of Respondents' coordinated Operation Metro Surge program in Minnesota. *See Adriana M.Y.M. v. Easterwood*, No. 26-213, 2026 WL 184721 (D. Minn. Jan. 24, 2026). In some previous cases, the Court has held that even when an individual detained in Minnesota was no longer physically located here when the petition was filed, this District is still the proper venue to hear the Petition because Petitioner's location was unknown at the time of filing. *See Abdiselan A.A. v. Bondi*, No. 26-358, 2026

-4-

WL 161526 at *1–2 (D. Minn. Jan. 21, 2026).  The Court has concluded as such because Respondents' practice of transferring detainees to various states, without notice or apparent justification, has made it a practical impossibility to promptly file a habeas petition in the District where the individual is presently located.

Here, even though Petitioner's location in Texas was known to Petitioner's counsel at the time the petition was filed, the Court concludes venue is proper in this District.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 451 (2004) (Kennedy, J., concurring) ("[T]he question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue.").  This habeas petition arises in the context of a concerted effort by the government to arrest residents of this state and immediately transfer them to various other detention locations, for an unstated purpose and unstated duration, without notifying Petitioner's family or counsel as to where or when they may be transferred.  Here, in the few weeks that Petitioner has been in detention, Respondents have unilaterally changed Petitioner's location no fewer than three times.  The Court concludes that in this case, the District of Minnesota—where Petitioner resides, was arrested and detained, and was his last known permanent location—is the proper forum for Petitioner to challenge his detention as unlawful.  *See Jose A. v. Noem*, No. 26-480, 2026 WL 172524, at *2 (D. Minn. Jan. 22, 2026) (describing that reaching any other conclusion may "have the effect of incentivizing forum shopping, as Respondents could

quickly transfer detained individuals to a district of their choosing"); *see also Jose V. v. Garcia*, No. 26-597, Docket No. 9 at 3 (D. Minn. Jan. 28, 2026).

Turning to the merits, Respondents rely on 8 U.S.C. § 1225(b)(2) to justify Petitioner's detention. The Court rejects that justification. After thorough review of the parties' filings, the Court concludes that the legal issues presented by Petitioner's habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025) and *Romero Santuario v. Bondi*, No. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025). Section 1225(b)(2) does not authorize the warrantless, notice-less arrest of an individual already present in the United States. For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that Petitioner's detention is not authorized by § 1225(b)(2).

The Court therefore turns to the proper remedy. In some previous cases involving this issue, the Court concluded that a bond hearing pursuant to § 1226(a) is the appropriate remedy. However, the Court is now persuaded that where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody. *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S.

674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

The Court will grant Gabriel A.H.L.'s petition for writ of habeas corpus and will order that he be released from custody.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Gabriel A.H.L.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

    b. If Petitioner is presently detained outside of the District of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately. Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

    c. If Petitioner remains in detention in Minnesota, Respondents shall release Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order.**

    d. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon

Petitioner's release, they are not left outside in dangerous cold. It is preferable to release Petitioner to counsel to ensure humane treatment.

e. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** including location tracking or mandatory check-ins.

f. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 9, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: February 6, 2026  
at Minneapolis, Minnesota.

_____/s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge