**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

GABRIEL A.H.L.,

Civil No. 26-860 (JRT/EMB)

Petitioner,

v.

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; DAVID VENTURELLA, *Acting Director, Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; MIGUEL VERGARA, *Director, San Antonio Field Office, Immigration and Customs Enforcement*; and CHARLOTTE COLLINS, *Warden, T. Don Hutto Detention Center*,

Respondents.[1]

**MEMORANDUM OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY'S FEES**

John R. Bruning, **HENNEPIN COUNTY ADULT REPRESENTATION SERVICES**, 525 Portland Avenue South, Suite 900, Minneapolis, MN 55415, for Petitioner.

David R. Hackworthy, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

[1] Markwayne Mullin and David Venturella are hereby automatically substituted as Respondents for Kristi Noem and Todd M. Lyons, respectively, under Federal Rule of Civil Procedure 25(d).

Petitioner filed a petition for writ of habeas corpus on January 30, 2026, arguing that his arrest and detention by Immigration and Customs Enforcement (ICE) officials was unlawful. Petitioner alleged in his petition that his detention violated the Fourth and Fifth Amendments to the United States Constitution. (*See* Docket No. 1.) The Court granted the petition, concluding that Petitioner was not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and ordered Petitioner's immediate release. *Gabriel A.H.L. v. Noem*, Civ. No. 26-860, 2026 WL 323106, at *2–3 (D. Minn. Feb. 6, 2026).

Petitioner now seeks attorney's fees under the Equal Access to Justice Act ("EAJA"). The Petitioner seeks an award of $6,234.93. The Court concludes that Respondents' position in the underlying litigation was not substantially justified in all aspects of the law and that Petitioner's requested fees are reasonable. The Court will therefore grant Petitioner's request.

**BACKGROUND**

Many of the salient facts relating to Petitioner's arrest, detention, and habeas petition are set forth in the Court's order granting the petition. *See Gabriel A.H.L.*, 2026 WL 323106, at *1. Petitioner states that "federal immigration agents, during an incident involving two men who occupy the other unit in a duplex [Petitioner] resides in, shot through the door of the building, forcibly entered [Petitioner's] private residence without his consent or a judicial warrant and without actual knowledge or reasonable suspicion of his identity or immigration status, and arrested him." (Mem. Supp. Mot. Atty.'s Fees ("Mem. Supp.") at 3, May 7, 2026, Docket No. 13.) Petitioner filed a petition for writ of

habeas corpus on January 30, 2026 (*see* Docket No. 1), and the Court granted the petition on February 6, 2026, and ordered his immediate release (*see* Docket No. 6). Respondents did not file any affidavits or exhibits with their memorandum opposing the petition, nor did they dispute the factual allegations in the petition. (*See* Resp. Mem., Feb. 2, 2026, Docket No. 4.) And despite the Court's order that Petitioner be released within 48 hours of the filing of its order granting the petition, Respondents released Petitioner 27 hours after the deadline. (*See* Mem. Supp. at 5.)

Petitioner now moves for attorney's fees under the EAJA. (Mot. Atty.'s Fees, May 7, 2026, Docket No. 12.) Petitioner seeks an award of $6,234.93, consisting of $6,229.93 in legal services rendered and $5.00 in costs.

Respondents oppose the motion. First, Respondents argue that sovereign immunity bars attorney's fees awards for habeas challenges to immigration detention. Second, Respondents argue that its litigation position—that Petitioner was subject to mandatory detention under 8 U.S.C § 1225(b)(2)—was substantially justified, as exemplified by the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

**DISCUSSION**

**I. STANDARD OF REVIEW**

Under the EAJA, a prevailing party in an action against the United States or one of its agencies is entitled to an award of attorney's fees and expenses unless the United States' position was substantially justified, or special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The Government's "position" includes both its position

taken in the litigation and the underlying government agency conduct that led to the action. *See* 28 U.S.C. § 2412(d)(2)(D). A substantially justified position need not be correct so long as "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Bah v. Cangemi*, 548 F.3d 680, 683–84 (8th Cir. 2008) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). If an award is appropriate under the EAJA, the fees awarded must be "reasonable and necessary." *Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988) (citation omitted).

The party seeking an award must provide evidence to support the reasonableness of the fees, both as to the hourly rate and the hours worked, and should "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *see also Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003). A district court has substantial discretion when determining the reasonableness of attorney's fees. *Hensley*, 461 U.S. at 437; *see also Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1084–85 (8th Cir. 2000).

## II. JURISDICTION

The Court rejects Respondents' position that the Court lacks jurisdiction to grant Petitioner attorney's fees under the EAJA. In a recent similar case, the Court rejected the same argument Respondents make here. *See Riky A.M.L. v. Blanche*, Civ. No. 26-1429, 2026 WL 2241589 at *3 (D. Minn. Aug. 4, 2026). For the same reasons articulated in that order, the Court concludes that EAJA fees are available in this case.

## III. SUBSTANTIAL JUSTIFICATION

The Court also rejects Respondents' argument that the Eighth Circuit's decision in *Avila* confirms the reasonableness of their litigation position. It is true that certain aspects of Respondents' interpretation of § 1225(b)(2) were ultimately adopted by the Eighth Circuit in *Avila*. However, Petitioner's habeas petition raised several arguments challenging the lawfulness of his arrest and detention that went far beyond the statutory interpretation question at issue in *Avila*—including that immigration officials "forcibly entered his home without a judicial warrant, arrested him, proclaimed nationally that he attempted to murder a federal agent, [and moved him] to Texas to prevent contact with counsel[.]" (Pet. Writ Habeas Corpus ¶ 89.) Respondents' memorandum of law in opposition to the habeas petition did not meaningfully respond to these allegations.

As in another recent similar case, because Respondents failed to respond to several grounds for relief upon which Petitioner was likely to prevail, the Court concludes that Respondents' position was not substantially justified in all aspects of the law. *See Riky A.M.L.*, 2026 WL 2241589 at *4.

## IV. REASONABLENESS

Finally, Respondents argue that—should the Court determine fees are warranted in this case—the fees Petitioner requests are unreasonable. However, after careful review of the declarations filed in support of Petitioner's motion, the Court concludes that

the number of hours expended (23.5 hours) and the hourly rate charged ($265.10) are reasonable.[2]

**CONCLUSION**

For all these reasons, the Court will award attorney's fees to Petitioner in the amount of $6,234.93 under the EAJA, 28 U.S.C. § 2412.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Motion for Attorney's Fees (Docket No. [12]) is **GRANTED**. Petitioner is awarded $6,234.93 in reasonable costs and attorney's fees under the EAJA, 28 U.S.C. § 2412. Respondents shall direct such award to the Hennepin County Adult Representation Services, the office that provided legal services in this matter.

DATED: August 18, 2026
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

[2] (*See* Decl. of John Bruning, May 7, 2026, Docket No. 14; Decl. of Gabriel A.H.L., May 7, 2026, Docket No. 15.)